Good morning, your honors. Demetri Goldfuss. I'm from the Office of the State Appellate Defender and I represent Brad, Brad Mooney. May it please the court, counsel. Mr. Mooney was found guilty of driving while his license was suspended. And he was sentenced to a term of court supervision. We've raised two issues on appeal, both of which request this court reverse the trial court's judgment outright. First, we argue that trial counsel was ineffective for failing to move for a dismissal on the basis of a statutory speed trial violation. And second, we argue that the Will County state attorney's prosecution of Mr. Mooney in this case was unauthorized because this offense occurred in Cook County, not Will County. It's my hope to address both of these issues today, and I'll start with the ineffective assistance speed trial claim. There are two continuances that are at issue in this case, the first granted on January 5th of 2015 and the second granted on March 24th of 2015. If either of these continuances was not attributable to Mr. Mooney and did not toll the speedy trial period, then Mr. Mooney had a basis to move for dismissal because he would not have been brought to trial within the 160-day statutory period. I'd like to take these out of order chronologically and actually address the March 24th continuance first. On March 24th, that was the day that the trial was scheduled to begin. However, the prosecutor made a late discovery disclosure in the form of a video and gave that to defense counsel. The court asked the attorneys why this video was suddenly showing up now, and both attorneys said that they did not know. Defense counsel requested a continuance so that she could review the video. The court granted a continuance beyond the speedy trial deadline, and it issued an order providing that the continuance had been granted on the defense motion and that the defendant agreed that speedy trial would be tolled. I would note that the report of proceedings does not corroborate that the defense agreed that speedy trial would be tolled. Your Honors, on this record, the March 24th continuance was not attributable to Mr. Mooney. In People v. Perkins, the appellate court held that when the state makes a late discovery disclosure causing the defendant to move for a continuance of trial, that continuance is not attributable to the defendant. That same analysis applies in our case. About three months prior to March 24th, defense counsel announced that she was ready for trial and that the defendant wanted a bench trial. As a result of this late discovery disclosure on March 24th, counsel needed to review the video to see if she needed to change her trial strategy, if she needed to file a motion to suppress, perhaps to see if the defendant told her something that didn't match up with the video. The only reason why this case did not begin trial on March 24th is because the state disclosed the discovery late. Defense counsel performed efficiently by allowing the trial court to attribute this continuance to Mr. Mooney and by not requesting a dismissal. Had counsel moved for a dismissal and explained to the court that continuances in these circumstances where the state makes a late discovery disclosure are not attributable to defendants, there's a reasonable probability that the court would have granted the dismissal. So for this reason alone, this court should reverse the trial court's judgment outright. With respect to the continuance of January 5th, that morning defense counsel announced that she was ready for trial and that her client wanted a bench trial. However, both the court and the prosecutor were having issues about being ready for trial that day. The judge explained that he wouldn't be able to start trial until the afternoon and the prosecutor said that its only witness, the arresting officer, hadn't slept in two days and had to go to work at 6 o'clock and not getting any sleep in starting trial in the afternoon may not be smart. What the court did was it told the parties to come back at I believe it was 12, 15 in the afternoon to see if they could get trial started. There is not a transcript available as to what happened that afternoon. All we know is that the court issued a written order providing that continuance would be granted on the defendant's motion and that defendant agreed SBA trial would be told. We acknowledge that this record is a bit underdeveloped for purposes of determining who the January 5th continuance is attributable to. Why is that? We don't have a transcript of what happened that afternoon on January 5th. I contacted the Will County Circuit Court and they contacted the court reporter and there is no transcript that was made. I also spoke to trial counsel to see if she could recollect what happened to possibly do a bystander's report or agreed statement of facts and she said she didn't have any notes for what happened that afternoon and her recollection was not clear so I wasn't going to pursue any of those avenues if her recollection wasn't that good. So you're suggesting that we should be looking at the trial, at the transcripts that are available and finding that they're inconsistent with the court's written orders? That's my argument. I mean in a perfect world the record would be better developed. We'd have a transcript of what happened that afternoon. I would concede that there are a number of scenarios that could have happened that afternoon but it's our position that given what we know on the record the most reasonable thing that we can say that happened is that the most likely thing that happened is that either the court or the prosecutor were not ready to come that afternoon and defense counsel agreed to a continuance to accommodate them. Again, we know that that morning defense counsel said she was ready and we know that it was only the trial court and the prosecutor who were having problems being ready for that morning, for that afternoon as well. When actually did the speeding turnout period run? If it would have been January 26th would have been the deadline. So it would have been between the second and third continuance? Correct. Or after the second one? Well, assuming that the January 5th was not attributable to Mr. Mooney it would have ran on January 26th. If it was attributable then it would have ran on I believe April 14th. So either one, if either continuance was not attributable to Mr. Mooney then it takes you beyond the deadline. So we only need to find one in addition to the one that the State has conceded. Just getting back to the January 5th continuance, again it's our position that defense counsel agreed to a continuance on January 5th to accommodate either a court or a State, given what we know on this record. If that is indeed what happened then counsel did so at the expense of Mr. Mooney's right to a dismissal. If counsel agreed to a continuance to accommodate either a court or a prosecutor on January 5th then she did so at the expense of Mr. Mooney's right to a dismissal. Did so, I'm sorry I couldn't, did so at the expense. Correct, Your Honor. And that's because when the continuance is granted because of the court schedule or because the State's witness is unavailable, neither of those things are attributable to defendants. Finally, I'd like to comment on the Will County State's Attorney's prosecution of this case. If you look at the dash cam video that's admitted as an exhibit in this record and you compare that to the boundary lines of Will and Cook Counties, which we've requested that this court take judicial notice of, it's our position that that conclusively establishes that this offense occurred in Cook County, not in Will County. In my opening brief, I included a screenshot from the dash cam video. I would encourage each of your honors to not only look at that but also look at the dash cam video. The video shows it, the scene much, much clearer than the screenshot in terms of determining where Mr. Mooney and the car are in relation to all the other landmarks that are in the area. Case law is clear that State's Attorneys do not have authority to prosecute offenses that occur outside of their respective counties. Therefore, it's our position that the error in this case is plain. Will County State's Attorney did not have authority to prosecute Mr. Mooney for an offense that occurred in Cook County. This plain error satisfies the second prong of the plain error test. Unauthorized prosecutions are really the integrity of the judicial process and they undermine the fairness of judicial proceeding. It's akin to a structural error as illustrated by this court's opinion in Peoples v. Herman. In Herman, what this court did was it reversed outright a defendant's conviction where the defendant was convicted following a prosecution by a municipal prosecutor who did not have statutory authority. Prosecutor can't prosecute a case where the occurrence was someplace else outside of his county. I do not believe the statute, there's not a statute that explicitly states that. Okay, so what's the basis for it? I'm relying on, I think I've got five appellate court cases that say that. That state's attorneys can't prosecute cases that are outside, offenses that occur outside of their county, or confines of their county. Is there a Supreme Court case on that? Not that I found, no. It would be an issue of first impression for them, I believe. So might there be another basis, like venue maybe? Venue is not, I mean, it used to be considered an essential element of criminal offenses. It no longer is. So, I mean, again, I'm not raising a venue issue. I'm raising, or a jurisdiction issue, I'm challenging the state's attorneys' authority. You say there's five cases that make that holding, right? And what's the basis of their holding? I have not tracked each individual case. I don't know. I mean, they cite each other. I haven't tracked to see which one is the original one. They just can't make it up. They've got to have some basis for making that holding. I would agree. I mean, they may have based it on the state's attorney's statute. My recollection of the statute is it does not explicitly say, which Justice McDade asked me if it said that, which is it can only prosecute offenses that occur in their counties. I believe it says something. I don't have the statute in front of me. It says something along the lines of that they are authorized to appear and prosecute cases in their counties, meaning in the circuit court for a county. It doesn't particularly address where the offense occurs. So, I mean, I guess you could have a situation where the appellate courts looked at that and they said, well, they're authorized to appear in the circuit court of their county. So, by implication, that means they can only prosecute offenses arising in their county. So, that's it. If you reverse outright on Issue 1, no, you don't have to. Just one last final point, and that's that courts should not condone unauthorized prosecutions. If you were to affirm in this case there's no ramification for state's attorneys prosecuting offenses occurring outside of their county, you could have scenarios where multiple state's attorneys are trying to prosecute the same offense, and you could have defendants facing multiple charges for the same offense in different counties. How was this written up? What did the officer say? The officer testified that this offense occurred in Will County, and we'd submit that the officer testified. What did he put on the citation? I mean, that's what prosecution decisions are made upon, citations that are presented to them by law enforcement. I would agree with that. I don't recall what exactly he put on the citation. I know he was from Park Forest. I imagine that's on there. I would assume that Will County is on there, but I'm not sure. But he did testify it occurred in Will County. Our position is that's contrary to reality. It happened in Cook County. The photograph certainly seemed to show that the only contact was Cook County. Correct. Snowy. The officer did not see Mr. Mooney driving. And didn't see any tracks. He did not testify to any tracks, no. And it was snowy that day, but when you look at the video, I don't recall there being any snow on the ground. At least on the street. Tracks. So for all of these reasons, we'd respect your request that this court reverse the trial court's judgment outright, and if the court has any further questions, I'd be happy to answer them. Can I ask one question? Sure. It's kind of theoretical, but he was not charged on the basis of the accident or anything. He was charged with driving on a suspended license. Is that an offense that occurs throughout the state? Is it specific to a county?  I mean, if you're caught, say, if you have a police officer near a border and he sees you, say, driving in Cook County and across the border into Will County, and he pulls you over in Will County, I would think that either the state's attorney of Will County or Cook County could prosecute that because you've got an offense occurring in both counties. But just because you have the Secretary of State giving a license to drive throughout the county, I don't think that would mean that you're committing an offense in every county. I mean, it would be similar to murder. I mean, we've got a state statute that covers acts throughout the state. It governs the entire state, but just because someone commits an act of murder in one county doesn't mean that he's committing it throughout the entire state. Well, that's kind of interesting. When and where, more importantly, did the officer see this defendant driving? He didn't see the defendant driving. Okay. Had he seen the defendant driving in Will County, would that have made a difference? Yes. Okay. On the suspended license charge. Yes. So he could properly cite him for driving on a suspended license when he stops him in Cook. If he had seen him driving in Will. Uh-huh.  Thank you, Your Honor. Thank you, Mr. Crawford. Mr. Dawson. Please report. This first issue, defendant asserts that the trial counsel was, in effect, failing to move to dismiss on the grounds of a speedy trial violation, and defendant was arrested for driving on a suspended license, which, of course, is a state law violation. This occurred on February 2nd, 2014. He bonded out on that same day. Because he was not in jail, the speedy trial period is 160 days, and that term began on August 20th, 2014, the day after he filed his written demand for the circuit clerk and gave oral notice in court. Defendant bases his claim on three days, and the people, of course, have conceded as to October 27th, 2014. The second date was January 5th, 2015, and at that time 139 days of the 160-day period had run. And on January 5th, defendant announced he was ready for trial. Judge said defendant's case would be first up in the afternoon and directed the prosecutor to have the defendant brought to the court at 1230. The prosecutor agreed that the bench trial should last about a half an hour. Thus, everyone's intent was to hold the trial that afternoon on January 5th. As counsel has noted, there is no transcript existing for the afternoon of January 5th, but the trial judge's order states, quote, defendant agrees that speedy trial is totaled until 324.15. In his main brief, defendant acknowledged the rule that a defendant occasions a delay when he agrees to a continuance. And he's asking this Court to speculate as to why defendant may have agreed to a continuance after announcing he was ready for trial. But the rule is that a reviewing court must construe any doubt from an incomplete record against the defendant. Therefore, the delay was attributed to defendant, and the elapsed time remained at 139 days, 139 days on January 5th. He also asserts that the continuance on March 24th, 2015, was not attributable to him. That was the 140th day of the term, and defendant waived the jury trial and requested a bench trial. The trial judge's written order for that date specifically states that the trial was continued on motion of defendant, and defendant agrees that speedy is told until 421.15. And defendant argues that courts look to the underlying factors in determining whether delay is attributed to the defendant. Defendant's trial attorney said that she had received the video from the arresting officer, Squadcar, on the morning of March 24th, but neither she nor the prosecutor knew why she had just received that video. And the trial judge gave counsel the opportunity to review the video that morning and to hold trial that same afternoon, but counsel chose not to do so. She later reviewed the video with sound in the middle of trial, and it only took five minutes to review that video. As defendant notes in his reply brief, the video was only discoverable in a misdemeanor case under Schmidt if it included a confession or evidence negating his guilt, and the video did not include either of these in this case. There is no indication on the record or any claim made that the people improperly withheld that video. Therefore, the March 24th delay was attributable to the defendant as the trial judge's order states. Did they have to offer the video? I'm sorry, what? Did they have to offer the video? No, they did not. Okay, so why? Because it's the same case. Right. It's gratuitous at best. Yes, and of course, defense counsel knew the circumstances of this and could have requested the video herself at any time. So, yes, I'll go with your wording, gratuitous. Are you representing that the defense counsel knew that the tape existed? I'm not going to represent that, but certainly counsel could have done due diligence and certainly asked the officer or the prosecutor if there was a video existing prior to that date. Was it tendered because it had been requested? Was it tendered because it had been requested? There's no record of that. We just know that she received it on that date and nobody knew why the video hadn't arrived until that date. The court certainly expressed some surprise that it was this far into the case and certainly was being tendered on the morning of trial. That's correct. No doubt about that. But, again, in this type of misdemeanor case, it is not required under the discovery rules that the people provide the video. We don't know why the video wasn't provided. Both defense counsel and the prosecutor were surprised that counsel didn't have it at the time. Yes, everyone was. So the opportunity, though, was given. I'm sorry, Your Honor. There was a request for discovery, as I recall, in this case. I don't know. I'm not saying that at all. I'm just saying that under a Supreme Court case of Schmidt, it's not required in misdemeanor cases. It's only discoverable if it included a confession or evidence negating the guilt of the defendant, which in this case it apparently did not contain that. I mean, you see the video doesn't show the defendant driving at all. It shows the vehicle in the snowbank on the opposite side of the street in Will County. In Cook County? In Will County. In Cook County. No, Your Honor. I won't concede that point. And for these reasons, we believe the trial counsel was not ineffective for failing to dismiss on street trial grounds. We don't believe there was a violation. The second issue is where the defendant claims the accident occurred in Cook County, and in Will County, the state's current attorney had no authority to prosecute. And we initially argued that he forfeited this argument because he didn't raise it below. And also, the defendant actively participated in the proceedings so the doctrine of invited error applies. People do not conflate invited error with forfeiture, as the defendant claims in his reply brief. As we state in our brief, forfeiture is the failure to preserve an issue for appeal, and invited error results in forfeiture of a plain error review, and thus, the defendant cannot raise the plain error argument he makes in his reply brief. In his reply brief, he claims the accident occurred at the north end of the intersection, not the south end, and he claims a photo of his car in the snowbank was taken from the westbound lanes of Stagger Road. Western Avenue is north and south. Stagger Road ends right here at Western Avenue, and the car was on the west side of Western Avenue on the south end of that intersection. The first unnumbered photograph, I mean, it's an unnumbered main brief appendix. People identified a photo as A4, and it's the fourth page of this appendix. It shows the defendant's car in the snowbank on that west side beyond Western Avenue. If you look from the north to south, it will put the car on the right side of that photo, as it is shown. The line marking the north end of the intersection is clearly visible at the bottom of the photo closest to it, so the view is to the south, seeing the car over here. The defendant's car is at the opposite end of the intersection next to a light pole, which can only be at the south end of the intersection. An electrical box near to the north end of the intersection in Will County is on the west side of Western Avenue, and it's some distance to the right of the defendant's car. There's no electrical box on Stagger Road at this intersection. This can be plainly seen in the appendix to the defendant's reply brief and in all the photos of the defendant's main brief following the accident, seeing photos starting on the fifth page of the appendix. And the people did not address defendants' ineffective assistance argument because no objection to venue or unauthorized prosecution was reasonable in this case where the officer testified that the incident was in Will County, and the photo seemed to show it. The line is very close, but the car was at the south end of the intersection, just south of the line for Will County. And the people asked this court to find the defendant's trial attorney was not ineffective as there's no speedy trial violation in defying that the accident occurred in Will County. Yeah? The filed argument there is that these are all agreed-to continuances by defense. Is that true? According to the judge's written orders, yes. And what about the last continuance with the video? Or not video, but yeah, video. With the video? Again, the written order. We don't know what happened. There's no transcript on that afternoon, but we don't know what happened exactly. We do know that when she received the video, I'm sorry, we're talking about March 24th, not today. When she did receive the video on that date, the judge, it was in the morning, the judge said, you have the opportunity to review the video and we can do trial this afternoon. It's going to be a very brief trial, one witness. And she declined to do so. And as pointed out, later in the middle of trial, she wanted to see the video. The copy she had did not have sound for whatever reason. So she wanted to hear the sound and she reviewed the video during trial. It took about five minutes according to the transcript. So she had the opportunity to review that video when it was presented to her earlier and she declined to do so. So that was... She did that according to the trial judge's order. Yes. Well, I can't change the judge's order, Your Honor. It is what it is. It's written. In this case, I believe that is correct. I don't specifically remember, but I think you are accurate in that. I haven't looked at the order in a while. But the judge did check them in. There were specific... In the first instance, on January 15th, the order actually says the defendant agreed to that Speedy is told until March 24th. And then in the written order, there was a motion of defendant and the defendant agrees that Speedy is told until 4-21-15. So that part would not have been in a pre-printed form. The motion of defendant could be a checkbox, but that next portion would not have been. Thank you. Any other questions, Your Honors? Thank you. I have one question, not on the merits. You can stay there. You're given court supervision for 24 months. Correct? Correct. I'm sorry? Did you violate court supervision? I actually, I mean, I'd be going outside the record if you wanted me to do that. I looked last night. He actually did violate. It was revoked. A conviction was entered, and the new sentence was increased fines. He wasn't sentenced to a term of incarceration. But just getting back to your concern, even if he had served his term of court supervision, the case isn't necessarily moot because the vehicle code provides that if he were to commit later offenses, the fact that he was found guilty and was given supervision could be taken into account for a future sentence. Sorry to make you have that trip up here. All right. We will take this matter under advisory session. Thank you.